# Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATES OF TENNESSEE, CALIFORNIA and FLORIDA *ex rel.* ROBERT A. FRY,<br><br>Plaintiff-Relator,<br><br>v.<br><br>GUIDANT CORPORATION, its predecessor Cardiac Pacemakers, Inc., a division of Eli Lilly and Company, and unknown entities and individuals,<br><br>Defendants. | No. 3-03-0842<br>Judge Trauger |

## RELATOR'S FIRST SET OF INTERROGATORIES TO DEFENDANT GUIDANT CORPORATION

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff-Relator Robert A. Fry ("Fry"), through counsel, hereby requests that Defendant Guidant Corporation respond to the following interrogatories within 30 days after their service.

### DEFINITIONS AND INSTRUCTIONS

A. The terms "Defendant," "Guidant" "you" or "your" mean Guidant Corporation, its predecessors (including but not limited to Cardiac Pacemakers, Inc., a division of Eli Lily and Company) and its officers, directors, agents, including sales agents and manufacturer's representatives (hereinafter "sales agents"), employees, and its subsidiaries and successors.

B. The term "Relator" means Relator Robert Fry.

C. The word "person(s)" means all individuals and entities, and includes without limiting the generality of the foregoing, all natural persons, sole proprietorships, partnerships, limited partnerships, associations, companies, corporations, joint ventures, trusts and estates, governments (including all instrumentalities, officers, agents, and subdivisions thereof), funds, and all other business, legal or artificial entities.

D. The word "health care provider" means hospitals, clinics or other entities providing inpatient or outpatient hospital or operating room services related to the implant or explant of Devices.

1

E.  The word "Devices" includes all of the following Guidant items: single and dual chamber pacemakers, defibrillators, cardiac resynchronization therapy defibrillators, cardiac resynchronization therapy pacemakers, and all leads, including but not limited to ICD leads, left ventricular leads, right ventricular leads, and coronary sinus leads.

F.  The term "credit" means a reduction in the cost of the Device or a refund of a part of the payment for a Device, whether extended to the health care provider or the patient.

G.  The word "Complaint" means the Second Amended Complaint or any subsequently filed complaint in the above-captioned action.

H.  The word "identify" when used with respect to a person or persons means:

   a. To state the name, last known address(es) and telephone number(s) of each such person;
   b. To state the name of the present employer, place of employment or business, and job title of such person; and
   c. If such person was affiliated by employment or otherwise, at any time with or related in any manner to, any party to this litigation, to state the nature and dates of such affiliation.

I.  Unless otherwise indicated, all interrogatory requests cover the entire time period from September 11, 1993 through the day of your response to these requests, hereinafter the "Relevant Period." The response to each request shall include all documents relating to the Relevant Period whether prepared before, during or after the Relevant Period.

J.  In the event you choose to respond to an interrogatory by producing electronically stored information from its ISIS or similar system pursuant to Rule 33(d), you are obligated to do so in a manner that permits Plaintiffs to locate and identify the requested information as readily as Defendant is able to do so.

K.  You are under a duty to supplement your answers seasonably with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, the identity and location of persons expected to be called as expert witnesses at trial and the subject matter on which they are expected to testify, and to correct any response which you know or later learn is not correct. If subsequent to complying with this request, Defendant obtains, or becomes aware of, any additional responsive information, or determines that its answer was in any way incomplete or inaccurate, then supplementation is required pursuant to Federal Rule of Civil Procedure 26(e)(2).

L. Wherever your response to an interrogatory includes an objection on the basis of privilege and/or work product, supply sufficient detail regarding the information which is being withheld so that the claim of privilege or work product can be assessed.

M. All information is to be divulged that is in the possession or control of the Defendant, as well as its attorneys, investigators, agents, employees, or other representatives.

## INTERROGATORIES

1. Identify all Guidant personnel with responsibility for sales of Devices during the Relevant Period including but not limited to sales agents, sales support staff, sales supervisors, district supervisors and managers, and for each such person, his or her dates of employment.

2. Identify all personnel in Customer Service Departments (both in Minnesota and at the regional level) who received purchase order information regarding implanted or explanted Devices during the Relevant Period.

3. Identify each head of the Returned Products Department during the Relevant Period.

4. Identify the entity financially responsible for (a) warranties, (b) upgrade credits, (c) recalls, (d) competitive replacement, and/or (e) Cardiassure credits for Guidant Devices during the Relevant Period. If that entity is not the Defendant, explain the corporate or contractual relationship between that entity and the Defendant and identify any documentation of that corporate or contractual relationship.

5. Identify who was responsible for deciding whether and/or in what amount to offer the warranties, warranty credits, upgrade credits, recall, competitive replacement and/or Cardiassure credits for Guidant Devices during the Relevant Period.

6. Describe the procedure followed by Defendant for (a) warranty, credit and/or recall documentation and (b) communication of warranty, credit, Cardiassure and/or recall information from sales cycle to billing cycle during the Relevant Period.

7. Identify all Guidant personnel responsible for tracking and/or arranging for the payment or account crediting of amounts for credits, warranties or recalls on Guidant Devices during the Relevant Period.

8. With regard to each procedure in which a Guidant Device was either implanted or explanted during the Relevant Period, state/identify:

- the date of the procedure
- the model and serial number of the Guidant Device implanted
- the model and serial number of the Guidant or other manufacturer's Device explanted and the date the explanted device was initially implanted
- the reason for the replacement of the explanted device
- the name, Social Security Number, date of birth, and address of the patient
- the implanting/explanting physician
- the sales agent for the procedure
- the health care provider
- the amount of any credit given for warranty, upgrade, competitive replacement, Cardiassure and/or recall and the person to whom the credit was extended or paid and the date credit was given
- the amount paid to Guidant for each Device and the commission paid to sales agents on each sale, including in your response any later adjustment to that commission
- each explanted Device which was within applicable warranty and each explanted Device which was a recall
- each implanted Device which was an upgrade and each implanted Device which was in the Cardiassure or competitive replacement program
- each payment to a health care provider for a replacement device implanted after the explant of a recalled device

9. Identify all documents (including but not limited to reports, spread sheets and individual account entries) that refer or relate to payment or account crediting of amounts for credits, warranties or recalls on Guidant Devices during the Relevant Period.

4

10. Identify each Guidant sales agent who has been responsible for as many as ten implants or explants for which warranty, product replacement, competitive replacement, upgrade, Cardiassure or recall credits (a) were available and (b) have been given.

11. Identify all Guidant personnel responsible for determining the estimated expenses related to warranty, upgrade, recall or credit expenses for Guidant Devices for the Defendant's annual financial statements during the Relevant Period.

12. Describe the formula used for generating Guidant's estimated expenses related to product warranties for Devices each operating year during the Relevant Period.

13. Identify each and every person other than legal counsel that you believe possesses knowledge or information regarding the factual allegations and/or legal claims described in the Complaint filed in this action and the Answer thereto of the Defendant.

14. For each year beginning 1985 to date, state the total purchase price collected by Guidant for Devices which were covered by available warranty credits (devices replaced within warranty), upgrade credits, credits under the Cardiassure program, and/or recalled devices.

This 2th day of February, 2007.

Richard A. Fisher, Esq.
Richard Fisher Law Office
1510 Stuart Rd., N.E., Suite 210
Cleveland, TN 37312
Phone: 423 479 7009
Fax: 423 479 8282
Richardfisher4@cs.com

5

OF COUNSEL:

Mona Lisa Wallace, Esq.
John S. Hughes, Esq.
Wallace and Graham, P.A.
525 North Main Street
Salisbury, NC 28145
Phone: 800 849 5291
Fax: 704 633 9434
mwallace@wallacegraham.com
jhughes@wallacegraham.com

Mary Parker, Esq.
Stephen Crofford, Esq.
Parker & Crofford
1230 2nd Avenue, South
Nashville, TN 37210
Phone: 615 244 2445
Fax: 615 255 6037
mparkerlaw@aol.com
stephencrofford@msn.com

Theodore J. Leopold, Esq.
Ricci Leopold, PA
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL 33410
Phone: 561 684 6500
Fax: 561 697 2383

R. Kevin Fisher, Esq.
Fisher & Krekorian
225 Santa Monica Boulevard
12th Floor
Santa Monica, CA 90401

E. Clayton Yates
Yates & Mancini, LLC
311 South Second Street, Suite 102
Fort Pierce, Florida 34950
Telephone: (561) 465-7990
Facsimile: (561) 465-1886

ATTORNEYS FOR RELATOR

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by United States mail, electronic delivery, and/or other proper means of service, on the following addressees:

| | |
|---|---|
| Michael Kevin Bassham<br>Peter M. Coughlan<br>Jeremy E. Pyper<br>Tennessee Attorney General's Office<br>P O Box 20207<br>Nashville, TN 37202<br>Phone: 615 741 3491<br>michael.bassham@state.tn.us<br>peter.coughlan@state.tn.us | Craig S. Morford<br>Ellen Bowden McIntyre<br>Michael L. Roden<br>Office of the United States Attorney<br>110 Ninth Avenue, S, Suite A961<br>Nashville, TN 37203<br>Telephone: (615) 736-5151<br>ellen.bowden@usdoj.gov<br>michael.roden@usdoj.gov |
| Peter D. Keisler<br>Michael F. Hertz<br>Daniel R. Anderson<br>David B. Wiseman<br>U.S. Department of Justice<br>Post Office Box 261<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 514-0132<br>David.Wiseman@usdoj.gov | Mary S. Miller<br>Office of the Attorney General<br>Medicaid Fraud Control Unit<br>The Capitol PL-01<br>Tallahassee, FL 32399-1050<br>Phone: 850 414 3600 |
| Dennis T. Fenwick *(pro hac vice)*<br>Deputy Attorney General<br>Bureau of Medi-Cal Fraud & Elder Abuse<br>1425 River Park Drive -- Suite 300<br>Sacramento, CA 95815<br>Phone: 916 263 0840 | Stephanie A. Morse<br>Office of the Atttorney General<br>Medicaid Fraud Control Unit<br>Rivergate Plaza, Suite 615<br>444 Brickell Avenue<br>Miami, FL 33131<br>Telephone: (305) 377-5441 Ext. 504<br>stephanie_morse@oag.state.fl.us |
| John M. Dowd *(pro hac vice)*<br>Robert S. Salcido *(pro hac vice)*<br>James E. Sherry *(pro hac vice)*<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1333 New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>Tel: (202) 887-4000<br>Fax: (202) 887-4288<br>rsalcido@akingump.com<br>jdowd@akingump.com<br>*Counsel for Guidant* | Joseph A. Woodruff<br>Jennifer L. Weaver<br>WALLER LANSDEN DORTCH & DAVIS, LLP<br>511 Union Street, Suite 2700<br>Nashville, Tennessee 37219-8966<br>Tel. (615) 850-8116<br>Fax. (615) 244-6804<br>jennifer.weaver@wallerlaw.com<br>*Counsel for Guidant* |

7

This 2th day of February, 2007.

                                                /s/ Richard A. Fisher
Richard A. Fisher, Esq.
Richard Fisher Law Office
1510 Stuart Rd., N.E., Suite 210
Cleveland, TN 37312
Phone: 423 479 7009
Fax: 423 479 8282
Richardfisher4@cs.com