IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
UNITED STATES OF AMERICA and    )
STATES OF TENNESSEE, CALIFORNIA )
and FLORIDA ex rel. ROBERT A.   )
FRY,                            )
                                )
     Plaintiff-Relator,         )
                                )    No:  3:03-0842
     v.                         )    Judge Trauger/Bryant
                                )
GUIDANT CORPORATION, et al.,    )
                                )
     Defendants.                )
```

## MEMORANDUM AND ORDER

Relator has filed his Motion to Compel Responses to His First Request for Production of Documents to Defendant Guidant Corporation and for Sanctions (Docket Entry No. 190). Defendant has responded in opposition (Docket Entry No. 193). The United States has filed a reply in support of relator's motion (Docket Entry No. 203), and relator has filed his own reply (Docket Entry No. 204). With permission of the Court, defendant has filed a sur-reply in opposition to relator's motion (Docket Entry No. 207-1). Finally, the parties have filed a Joint Written Statement of Discovery Issues (Docket Entry No. 212).

The issues raised by relator's motion to compel have been assigned to the undersigned Magistrate Judge for decision (Docket Entry No. 220).

After review of the numerous and voluminous filings of the parties, and for the reasons stated below, the undersigned

Magistrate Judge **GRANTS** relator's motion to compel in part and **DENIES** it in part.

1. <u>Brief Statement of the Case</u>. This is a <u>qui tam</u> action pursuant to the False Claims Act, 31 U.S.C. § 3729 <u>et seq.</u>, brought by relator Fry in which the United States has elected to intervene. In summary, the Second Amended Complaint alleges that defendant Guidant Corporation systematically and fraudulently concealed from health care providers the existence of rights to certain refund credits on its products, and that such concealment caused health care providers to seek and obtain reimbursement from the federal and state governments for full cost of defendant's products, without reduction by the credits that were due. Defendant Guidant has denied these allegations.

2. <u>Relator's Requests for Production and Defendant's Objections</u>. Relator served 34 requests for production upon defendant Guidant, and defendant Guidant responded with ten "general objections," and additional specific objections and limited responses to individual requests (Docket Entry No. 190-3).

After relator's motion to compel was filed, the parties filed a "Joint Written Statement of Discovery Issues" (Docket Entry No. 212), which sets forth five issues that overlie the disputes over a number of the specific requests for production.

(a) <u>The Temporal Scope of the Production</u>. Relator seeks production of documents beginning September 11, 1993, a date ten

years before the filing of relator's original complaint, based upon the ten-year statute of limitations codified at 31 U.S.C. § 3731(b)(2). Defendant, on the other hand, argues that relator is limited to a period of six years provided in § 3731(b)(1), and that the ten-year limitations period applies only in cases in which the United States files a complaint-in-intervention, which it has not done here. The United States, however, maintains that, by its intervention without filing a separate complaint, it has adopted the relator's complaint, and the government's claims therefore relate back to the filing of the relator's original complaint. Though none of the parties has cited a Sixth Circuit decision directly on point, the undersigned is persuaded by authorities cited by the relator and the government that the ten-year statute of limitations in § 3731(b)(2) applies, and that the government's claims here relate back to the filing of the relator's original complaint on September 11, 2003. Therefore, discovery relating to the period beginning September 11, 1993, is warranted.

(b) <u>Inclusion of Discovery Regarding Recalled Devices</u>. Defendant Guidant objects to discovery regarding replacement of recalled devices as being beyond the scope of claims contained in the Second Amended Complaint. In support of its argument, Guidant asserts that recalls are distinguishable from devices replaced for other reasons, because FDA-approved or mandated recalls are publicized by "widespread media coverage" and cannot be the subject

3

of a scheme to conceal from hospitals and governments credits due for replacement of recalled devices. Relator and the government, however, argue that devices replaced as the result of recalls are a subset of all replacement devices and are within the scope of the claims in the Second Amended Complaint.

A review of the Second Amended Complaint reveals numerous references to devices that have been replaced as a result of product recalls and allegations that defendant Guidant fraudulently concealed from hospitals and governments the availability of refund credits applicable to these replacements. Unless and until these allegations in the Second Amended Complaint are dismissed, the undersigned finds that such claims are the appropriate subject for discovery. Therefore, defendant Guidant's objections to discovery relating to devices replaced as a result of recalls should be overruled.

(c) <u>Geographic Scope of Discovery</u>. Defendant Guidant objects to the nationwide scope of relator's document requests. Guidant suggests that it should produce documents relating to Patients A through E and the three hospitals named in the Second Amended Complaint. Relator and the government assert that their claims are based upon defendant Guidant's practices nationwide and that they are entitled to obtain pertinent discovery unless or until such claims are dismissed or otherwise limited geographically. The undersigned agrees that the Second Amended Complaint asserts claims nationwide, and that until these claims are dismissed or otherwise

4

limited they are appropriate subjects of discovery pursuant to Rules 26 and 34. Accordingly, defendant Guidant's objection based upon geographic scope is overruled.

(d) <u>Discovery of General Business and Training Documents</u>. Defendant Guidant has objected to production of general business and training documents relating to product recalls because it believes such documents exceed the scope of claims in the Second Amended Complaint. Similarly, defendant has objected to production of prior upgrade or competitive replacement programs that preceded its Cardiassure programs because defendant maintains that claims based upon these earlier programs are barred by the statute of limitations. Consistent with the rulings in subsections (a) and (b) above, the undersigned finds that discovery of prior replacement programs, including recall programs, during the period beginning September 11, 1993, is warranted. Defendant's objections to the contrary are overruled.

(e) <u>Disputes Relating to Defined Terms</u>. The joint statement filed by the parties states that the parties have been unable to agree on definitions for the terms "health care provider" and "reasonably available." The undersigned finds that "health care provider" is a commonly used term, and that it should be interpreted according to its commonly understood meaning, within the context of the claims alleged in the Second Amended Complaint. The term "reasonably available" should be considered as synonymous with the term "reasonably accessible" as used in Rule 26(b)(2)(B),

5

Federal Rules of Civil Procedure, and any party asserting that documents should not be produced because they are "not reasonably accessible" should follow procedures provided in the Rules.

The parties in their papers have stated or suggested that since relator's motion to compel was filed, they have reached certain agreements modifying or limiting the scope of relator's requests for production. Absent such agreement of the parties to the contrary, and subject to the foregoing, defendant's objections to relator's requests for production are hereby **OVERRULED**, and relator's motion to compel is **GRANTED**. Defendant shall produce responsive documents and a privilege log complying with Rule 26(b)(5)(A) on or before **December 31, 2007.**

The undersigned further finds that relator failed to comply with Local Rule 37.01(a) before filing his motion to compel. Accordingly, to the extent that his motion to compel seeks sanctions, his motion is hereby **DENIED**.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge