IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>ROBERT A. FRY,<br><br>       Plaintiffs,<br><br>v.<br><br>GUIDANT CORPORATION, its predecessor<br>Cardiac Pacemakers, Inc., a division of<br>Eli Lilly and Company,<br><br>       Defendants. | Civil Action: 3:03-0842<br>Hon. Aleta Trauger<br>Magistrate Judge Bryant |

## UNITED STATES' RESPONSE TO DEFENDANT'S
## STATUS CONFERENCE MEMORANDUM

Not satisfied with the Joint Proposed Agenda submitted by the parties on August 24, 2009, Dkt. No. 386, defendant filed an unsolicited Status Conference Memorandum ("Guidant Memo") on August 28, 2009, Dkt. No. 387, in order to, among other things, "seek the Court's guidance in the orderly presentation of dispositive motions in this complex matter . . ." Specifically, defendant would like the Court to modify the current case management order to require the parties to file motions for summary judgment at the end of fact discovery, rather than at the end of expert discovery as has been contemplated for over two years.

Defendant's filing fails to acknowledge that the parties have jointly sought the Court's guidance regarding dispositive motions on eight different occasions, (*see, e.g.,* Dkt. Nos. 166, 221, 253, 293, 361, 374, 377, and 379), and on each of those occasions the parties agreed to the current schedule contemplating the filing of summary judgment motions *after* the conclusion of expert discovery. Most recently the parties filed a joint motion on June 26, 2009, only eight weeks ago, in which they agreed that summary judgment motions should be filed after the close

of all discovery. There have been no changes in this case in the past two months that would justify a change to the case management order at this late stage of the litigation.

In addition, the United States believes that the current discovery schedule is the most efficient way to conserve judicial resources. By allowing for the filing of summary judgment motions after expert discovery, the case management order avoids the possibility of multiple rounds of summary judgment motions as further evidence is developed by the parties.

Moreover, the United States would be unfairly prejudiced by defendant's proposed arbitrary change in the case management schedule. While the United States recognizes that the Federal Rules of Civil Procedure permit the defendant to move for summary judgment at any time, *see* Fed. R. Civ. P. 56(b), changing the case management order to preclude the filing of summary judgment motions after the commencement of expert discovery will prevent the United States from using information gathered during expert discovery to move for summary judgment on some or all of its claims. This would prejudice the United States and could ultimately result in more judicial resources being expended in order to try issues that otherwise could have been decided via a dispositive motion.

For these reasons, the United States disagrees with defendant's suggestion to alter the case management order and require the parties to file summary judgment motions prior to the start of expert discovery.

                                      Respectfully Submitted,

                                      TONY WEST
                                      Assistant Attorney General
                                      Civil Division

                                      EDWARD M. YARBROUGH
                                      United States Attorney

                                      ELLEN BOWDEN MCINTYRE (BPR# 023133)
                                      Office of the United States Attorney
                                      110 Ninth Avenue, S. Suite A961
                                      Nashville, TN 37203
                                      Telephone: (615) 736-5151

                                      _s/ Adam J. Schwartz_____
                                      JOYCE R. BRANDA
                                      DANIEL R. ANDERSON
                                      DAVID B. WISEMAN
                                      COLIN M. HUNTLEY
                                      ADAM J. SCHWARTZ
                                      Attorneys, Civil Division
                                      U.S. Department of Justice
                                      Post Office Box 261
                                      Ben Franklin Station
                                      Washington, DC 20044
                                      Telephone: (202) 514-0132

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Response of the United States to Defendant's Status Conference Memorandum was sent to the following persons via the Court's electronic filing system on this 31st day of August, 2009:

Ernest Clayton Yates
Yates & Mancini, LLC
311 S Second Street; Suite 102
Fort Pierce, Florida 34950
clay@yatesandmancini.com

David Douglass
Shook, Hardy & Bacon, LLP
Hamilton Square
600 14th St NW, Suite 800
Washington, D.C. 20005
DDouglass@shb.com

R. Kevin Fisher, Esq.
Fisher & Krekorian
225 Santa Monica Blvd., 12th Floor
Santa Monica, CA 90401
rkf@fkslaw.net

Stephanie A. Morse
Assistant Attorney General
Medicaid Fraud Control Unit
444 Brickell Avenue, Suite 650
Miami, FL 33131
Stephanie.Morse@myfloridalegal.com

Michael Kevin Bassham
Peter M. Coughlan
Office of the Attorney General
425 Fifth Avenue North; Second Floor
Nashville, Tennessee 37423
michael.bassham@state.tn.us
peter.coughlan@state.tn.us

Richard A. Fisher, Esq.
Richard Fisher Law Office
1510 Stuart Road, Suite 210
Cleveland, Tennessee 37312
richardfisher4@cs.com

Mona Lisa Wallace, Esq.
John S. Hughes
Wallace and Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28145
mwallace@wallacegraham.com

Theodore J. Leopold, Esq.
Ricci Leopold, PA
2925 PGA Blvd., Suite 200
Palm Beach Gardens, Florida 33410
Tleopold@riccilaw.com

Michael L. Roden, Esq.
Ellen Bowden McIntrye
Office of the United States Attorney
Suite A-961, 110 Ninth Avenue South
Nashville, Tennessee 37203-3870
michael.roden@usdoj.gov
ellen.bowden2@usdoj.gov

Dennis T. Fenwick, Esq.
Office of the Attorney General
Bureau of Medi-Cal Fraud & Elder Abuse
State of California
1425 River Park Drive, Suite 300
Sacramento, CA 95815
dennis.fenwick@doj.ca.gov

    _s/_____
Adam J. Schwartz