UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
UNITED STATES OF AMERICA,         )
ex rel. ROBERT A. FRY, et al.,    )
                                  )
        Plaintiffs,                )
                                  )
     v.                            )   NO. 3:03-0842
                                  )   Judge Trauger/Bryant
GUIDANT CORPORATION, et al.,      )
                                  )
        Defendants.                )
```

## MEMORANDUM AND ORDER

Defendant Guidant Corporation has filed its motion for return of documents (Docket Entry No. 323), seeking the return of certain documents, and copies of documents, obtained by Relator's counsel during an inspection of Guidant documents in October 2008. Relator has filed his response in opposition (Docket Entry No. 347).

This motion has been referred to the undersigned Magistrate Judge for disposition (Docket Entry No. 332).

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** Guidant's motion in part and **DENIES** it in part.

### Statement of the Dispute

From the filings of the parties, it appears that defendant Guidant, in response to discovery requests, agreed to permit Relator's counsel to inspect several hundred boxes of paper records maintained in a storage facility in St. Paul, Minnesota. These records consisted for the most part of implant forms, out-of-service forms and invoices dated between September 1993 and the end

of 1996. The parties agreed that this inspection would occur from October 14 through 17, 2008.

According to defendant Guidant, the parties agreed that Relator's counsel were to inspect these documents and to mark any that they wanted copied. Guidant thereafter was to copy in electronic format all documents designated by Relator's counsel and provide those copies to Relator. Relator's counsel agrees with the foregoing description of the arrangement, but with the proviso that nothing in the parties' agreements precluded Relator's counsel from making their own copies of documents during the inspection. In any event, it appears that Relator's counsel brought a copier/scanner with them and used it to make several copies of Guidant's documents during the October 2008 inspection. Apparently, Relator also designated for copying by Guidant all documents copied by Relator's representatives during the inspection.

Guidant argues in their motion that Relator's making his own copies of Guidant's documents violates the understanding of the parties and creates a risk of disclosure of confidential medical information contained in the documents. Relator denies that he violated any understanding related to this discovery, and argues that such copying serves as a "check" on Guidant to insure that Guidant provides copies of all documents designated by Relator during the inspection.

The undersigned Magistrate Judge suspects that events since Guidant's motion was filed may have served to resolve this

2

dispute and render the motion moot. Nevertheless, in case issues remain, the Court **GRANTS** Guidant's motion in part and **ORDERS** as follows:

1. Guidant, if it has not already done so, shall promptly provide to Relator copies of all documents designated during Relator's inspection of Guidant's documents.

2. Relator, if he wishes, may compare copies so produced by Guidant with any copies obtained by Relator during the inspection to be sure that Guidant has provided copies of all documents designated by Relator.

3. If Relator determines that any documents designated for copying has not been provided, Relator shall identify such documents to Guidant and Guidant shall immediately provide a copy of each such document.

4. Relator shall have twenty (20) days from the date of this order or the delivery of the electronic document copies by Guidant, whichever is later, to complete his comparison of these documents. Thereafter, Relator shall immediately return to Guidant all original documents and copies of documents that he obtained during this document inspection.

To the extent that Guidant seeks sanctions or costs in its motion, the motion is **DENIED**.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
