```
UNITED STATES OF AMERICA,        )
ex rel. ROBERT A. FRY, et al.,   )
                                 )
        Plaintiffs,               )
                                 )
     v.                          )   NO. 3:03-0842
                                 )   Judge Trauger/Bryant
GUIDANT CORPORATION, et al.,     )
                                 )
        Defendants.              )
```

## MEMORANDUM AND ORDER

Defendant Guidant Corporation has filed its Omnibus Motion To Compel (Docket Entry No. 305), to which Relator and the United States have responded in opposition (Docket Entry Nos. 333 and 336). Defendant Guidant has filed a reply (Docket Entry No. 346-1), and the United States has filed a surreply (Docket Entry No. 352-1).

Guidant's motion to compel has been referred to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1) and Rule 72, Federal Rules of Civil Procedure (Docket Entry No. 345).

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** Guidant's motion in part and **DENIES** it in part.

### Statement of the Case

This is a qui tam action brought pursuant to the False Claims Act, 31 U.S.C. § 3730. In summary, plaintiffs claim that Guidant has systematically and intentionally concealed from hospitals and clinics the availability of certain warranty and

replacement credits due upon the replacement of implantable cardiac devices manufactured and sold by the company, and has thereby caused hospitals and clinics to submit to the United States false and overstated claims for reimbursement following replacement procedures.

Defendant Guidant has denied liability.

## Guidant's Motion To Compel

In its motion, Guidant seeks three categories of discovery:

(1) Documents allegedly constituting the false claims or false statements for which plaintiffs seek recovery, including, in particular, certain cost reports submitted by health care providers to the United States containing false or inflated claims;

(2) additional deposition testimony pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, after witnesses designated by the United States were unable to answer certain deposition questions; and

(3) the answer to a contention interrogatory served on Relator seeking "all facts and documents" supporting Relator's claim, to which Relator has objected on attorney work product grounds.

<u>Documents constituting false claims</u>. Guidant seeks an order compelling the United States to produce the documents allegedly constituting the false claims or false statements for which plaintiffs seek recovery in this action. From the filings of

2

the parties, it appears that such documents include cost reports submitted by hospitals following replacements involving Guidant devices, which reports did not reflect warranty or other replacement credits allegedly due.

In response, the United States makes several arguments. First, the government argues that the delay in producing the requested documents has resulted from (1) Guidant's delay in producing company records necessary to identify the instances in which it failed to provide credits due and thereby caused hospitals to submit false claims, and (2) the volume and complexity of information that the government has had to analyze to identify each of the false claims at issue. Second, the government asserts that production of all reports requested by Guidant is an undue and unnecessary burden because both liability and damages can, and should, be determined based upon "a statistically valid sample of the cost reports at issue." The United States, in its response to Guidant's motion to compel, seeks a protective order permitting it to respond to Guidant's discovery requests by providing a statistically valid random sample of the hospital cost reports at issue (Docket Entry No. 336, pp. 18-24).

In further opposition to Guidant's motion, the government makes several additional arguments. It argues that hospital cost reports from hospitals where no Guidant replacement cardiac devices were implanted are totally irrelevant to this case and should not be produced. In addition, the government asserts that, due to

3

differences in the way that Medicare reimbursed for replacements of implantable cardiac devices, hospital cost reports for all <u>inpatient</u> replacement procedures during the relevant period and <u>outpatient</u> replacement procedures from 2003 through 2007 have "at best minimal relevance, because they do not contain the charge information for each device at issue here, which is critical to assessing both liability and damages." (Docket Entry No. 336, p. 17). Although it is not altogether clear, at least to the undersigned Magistrate Judge, it appears that the total number of hospital cost reports thought by plaintiffs to contain false claims ranges between 16,323 (Docket Entry No. 367, para. 4) and 8,213 (Docket Entry No. 367-4).

Rule 26(b) of the Federal Rules of Civil Procedure provides that, unless limited by court order, "[p]arties may obtain discovery of any nonprivileged matter that is relevant to any party's claim or defense . . ."

In a case brought under the False Claims Act, no one could plausibly argue that the documents containing the allegedly false claims are not relevant, and the government does not make that argument here. Instead, it argues that the time and expense required to gather these cost reports from fiscal intermediaries amount to an undue and unnecessary burden on the government.

The cases cited by the government in support of the use of a statistical sampling of the hospital cost reports are not persuasive. Most of these cases are class actions and address

4

discovery of opt-in class members, or they discuss the sufficiency of statistical evidence presented at trial to support the findings and conclusions of the court (Docket Entry No. 336, pp. 19-22). None of the cited cases directly addresses the issue presented here — whether production in discovery of a sample of the allegedly false claims is sufficient in a case in which these claims are "critical to assessing both liability and damages."

Because these cost reports form the basis of a False Claims Act case and are clearly relevant to a determination of liability and damages, the undersigned Magistrate Judge finds that the government should produce in discovery all hospital cost reports containing allegedly false claims for which it seeks to recover in this case. To the extent that the government presently has in its custody or control cost reports containing allegedly false claims that the government has not already produced, it should produce those immediately. To the extent that there are additional cost reports believed by the government to contain false claims that are not yet within the government's custody or control, the government shall file, on or before October 16, 2009, a status report advising the court on the number of reports yet to be obtained and the status of the government's efforts to secure these reports.

Additional deposition testimony pursuant to Rule 30(b)(6). Guidant insists that the government should designate

additional witnesses to testify by deposition because the eight witnesses previously designated and deposed pursuant to Guidant's Rule 30(b)(6) deposition notice answered "I don't know" to certain questions asked during their depositions.

Rule 30(b)(6) requires that an organization served with a notice or subpoena for a deposition designate one or more witnesses to testify "about information known or reasonably available to the organization" relating to described matters or topics for examination.

It appears from the record that Guidant served a Rule 30(b)(6) deposition notice on the government listing ten broad topics of interrogation (Docket Entry No. 305-15). The government designated eight different witnesses to testify in response to Guidant's notice (Docket Entry No. 336, p. 24). Guidant in its motion asserts that three of the government's designated witnesses (Mr. Hartstein, Mr. Sims and Ms. Shirey-Losso) answered "I don't know," or words to that effect, to questions regarding a total of thirteen discrete subjects in deposition (Docket Entry No. 305-1, pp. 20-37). Guidant urges that the government should be compelled to designate additional witnesses who can answer these questions.

In response, the government argues (1) that many of the questions listed in Guidant's motion as unanswered were, in fact, answered by other witnesses designated by the government and (2), to the extent that the designated witnesses' testimony is deemed deficient, the government is willing to provide additional Rule

6

30(b)(6) testimony in writing or orally on the topic of how CMS identifies excessive charges on UB-92 forms (Docket Entry No. 336, pp. 25-39).

Following a review of the ample filings of the parties, the undersigned Magistrate Judge finds that the ten topics listed in Guidant's Rule 30(b)(6) deposition notice are, in general, broad and not particularly specific, that the government has made a good faith attempt to designate and prepare witnesses to testify about these topics, and that the questions about which Mr. Hartstein, Mr. Sims and Ms. Shirey-Losso professed a lack of knowledge were narrow and specific. While these questions at least arguably fell within the topics listed in the deposition notice, the listed topics were so broad that they did not give rise to an obligation to prepare a witness to answer every conceivable detailed question relating to the topic.

For the foregoing reasons, the undersigned Magistrate Judge denies Guidant's motion to the extent it seeks an order compelling the government to produce additional witnesses pursuant to the subject Rule 30(b)(6) notice. This ruling is without prejudice to Guidant's right to seek additional discovery on specific topics, pursuant to Rule 30(b)(6) or otherwise.

<u>Relator's attorney work product objection</u>. Guidant has moved for an order compelling Relator to respond to Interrogatory No. 2, a contention interrogatory asking the Relator to "identify all facts and documents supporting your contention" that Guidant

7

concealed from hospitals available credits and thereby caused hospitals to submit inflated cost reports to government agencies. Relator's response reads as follows:

> Relator incorporates herein his general objection No. 3 regarding contention interrogatories. Relator incorporates his response to Interrogatory 1, and further adds that the individuals identified in his and the United States' Rule 26 disclosures are knowledgeable persons. Relator's attorneys have determined through investigative information that availability of warranty credits was not revealed to various providers. Details are the work product of the attorneys.

(Docket Entry No. 305-8, p. 4).

Guidant in its motion seeks a ruling overruling Relator's objection based upon the attorney work product doctrine and compelling Relator to serve a response (Docket Entry No. 305-1, pp. 38-40).

Relator, in response, concedes that facts, as distinguished from impressions of counsel, are generally discoverable. Relator further maintains that "the entire dispute between Guidant and Relator essentially boils down to when, and how many times, Relator will have to supplement his initial response." (Docket Entry No. 333, p. 1).

Guidant is correct that the attorney work product doctrine cannot be asserted to prevent disclosure of underlying facts that are otherwise discoverable. See Casson Constr. Co. v. Armco Steel Corp., 91 F.R.D. 376, 384-85 (D. Kan. 1980). Therefore, to the extent that Relator asserts this doctrine to

8

preclude disclosure of the underlying facts, Relator's objection must be overruled.

It appears that, at least in Relator's view, the "entire dispute" here is one of timing. Relator maintains that, at least preliminarily, his ability to respond to Interrogatory No. 2 depends upon Guidant's disclosure of its company records identifying patients who underwent replacement of Guidant devices and those records indicating instances in which warranty or other replacement credits were awarded by the company. Production of such records by Guidant has occurred in installments over time. The undersigned Magistrate Judge understands Relator's position to be that he should not be required to supplement his response to Interrogatory No. 2 multiple times as Guidant makes multiple productions of its company records.

Rule 26(e), Federal Rules of Civil Procedure, provides that a party who has responded to an interrogatory must supplement his response "in a timely manner" if he learns that his earlier response was incomplete. "In a timely manner" is not defined in the rule and must necessarily depend upon the facts and circumstances of each case. Here, the undersigned Magistrate Judge finds that, while Relator is not required to serve a supplemental response each time it receives a supplemental production from Guidant, Relator should supplement its response periodically in a fashion that will allow Guidant to conduct meaningful discovery and avoid undue delay in the progress of this case. The Magistrate

9

Judge will not further define "periodically," but will rely upon counsel to conduct this discovery in a responsible, reasonable manner.

## Summary

In summary, the undersigned Magistrate Judge **GRANTS** Guidant's motion to compel in part and **DENIES** it in part, as follows:

1. The United States shall produce any hospital cost report or other document which it claims to be a false claim for which it seeks recovery in this action. If it has within its custody or control any such documents that have not already been produced, it shall produce those immediately. If there are additional responsive documents that are not presently within the custody or control of the United States, it shall file, on or before **October 16, 2009**, a status report on its efforts to obtain such reports;

2. For the reasons stated above, to the extent that Guidant's motion seeks an order compelling the United States to designate additional witnesses pursuant to Guidant's prior Rule 30(b)(6) deposition notice, the motion is denied;

3. With respect to Relator's response to Interrogatory No. 2, Guidant's motion is granted and Relator's objection based upon the attorney work product doctrine is overruled. Relator shall supplement its response "in a timely manner" in order to

10

allow Guidant to conduct its own discovery and to avoid unnecessary delay in the progress of this case; and

    4. The United States' motion for a protective order relieving it from the obligation of producing the documents containing allegedly false claims for which it seeks recovery (Docket Entry No. 336) is denied.

    It is so **ORDERED**.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge
