UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA,            )
*ex rel*. ROBERT A. FRY, et al.,     )
                                     )
          Plaintiffs,                )
                                     )
     v.                              )     NO.  3:03-0842
                                     )     Judge Trauger/Bryant
GUIDANT CORPORATION, et al.,         )
                                     )
          Defendants.                )

**MEMORANDUM AND ORDER**

Relator has filed his third motion to compel discovery, by which he seeks an order compelling defendant Guidant to provide further responses to two interrogatories and four requests for production of documents (Docket Entry No. 407). Defendant Guidant has filed a response in opposition (Docket Entry No. 420), and Relator has filed a reply (Docket Entry No. 428).

This motion was referred to the undersigned Magistrate Judge for disposition (Docket Entry No. 410).

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** Relator's motion to compel to the extent stated in this memorandum.

The interrogatories and requests for production that are the subject of this motion as quoted as follows:

**Relator's February 2, 2007 Interrogatory No. 8**:

> With regard to each procedure in which a Guidant Device was either implanted or explanted during the Relevant Period, state/identify . . . [13th "bullet point"] Each payment to a health care provider for a replacement device implanted after the explant of a recalled device [.]

**Relator's February 2, 2007 Interrogatory No. 9**:

   Identify all documents (including but not limited to
   reports, spread sheets and individual account entries)
   that refer or relate to payment or account crediting of
   amounts for credits, warranties or recalls on Guidant
   Devices during the Relevant Period.

**Relator's February 2, 2007 Request to Produce No. 2:**

   For each procedure in which a Guidant Device was
   implanted or explanted during the Relevant Period,
   documentation of the following: . . .
      [Bullet point 9]: The amount of any credit given for
   warranty, upgrade, competitive replacement, Cardiassure
   and/or recall . . .
      [Bullet point 12]: Any payment by a provider for a
   replacement Device implanted after explants of a recalled
   device [.]

**Relator's February 2, 2007 Request to Produce No. 4**:

   Documentation of any warranty credits extended to or paid
   to any person with regard to implanted or explanted
   Devices.

**Relator's February 2, 2007 Requests to Produce Nos. 33 and 34**:

   REQUEST 33: All documents that set forth warranty,
   upgrade, recall or other credits actually credited to
   health care providers for Devices in the State of
   Tennessee during the Relevant Period, regardless of
   whether the credit was given pursuant to an actual cash
   payment or a credit to that health care provider's
   Guidant account, or otherwise.

   REQUEST 34: All documents that set forth warranty,
   upgrade, recall or other credits actually credited to
   health care providers for Devices in the United States
   outside the State of Tennessee during the Relevant
   Period, regardless of whether the credit was given
   pursuant to an actual cash payment or a credit to that
   health care provider's Guidant account, or otherwise.

   As Relator's reply brief (Docket Entry No. 428) states,

the purpose of Relator's motion to compel is to obtain "production

of evidence of payment of credits Defendant asserts were paid to

2

provider hospitals for warranty and recall replacements, but which Relator contends were not." According to Relator's motion papers, defendant Guidant in this case has already produced some six million pages of documents pursuant to discovery. Included in this production is certain account data indicating that during the period relevant to this case Guidant issued to its customer hospitals certain credit memos evidencing the amounts of credits that Guidant determined were due under the terms of its warranty and replacement credit programs. Relator in its motion papers states that despite the production of documentation of these credit memos, it has been unable to determine from Guidant's discovery responses to date whether the customer hospitals actually received a monetary benefit from these credit memos by means of a reduction in the hospital's account balance, a tangible refund check, or otherwise. Relator insists in his motion that Guidant should be compelled to produce any evidence within its possession or control suggesting that Guidant's customer hospitals actually received in some form a monetary benefit as a result of Guidant's warranty, recall or other replacement credit programs at issue in this case.

In response, Guidant argues that Relator's motion to compel is premature. Guidant states that it is undisputed that Guidant has produced detailed data documenting the credits it issued to customer hospitals including information about the amount of the credit issued, the reason for the issuance of the credit, the recipient of the credit, the date the credit was issued, and

the device for which the credit was issued (Docket Entry No. 420, p. 2). Guidant in its motion papers further explains that hospitals that received these credits were able to use them in several different ways, including (1) having a refund check issued in the amount of the credit; (2) subtracting the amount of the credit from the next payment the hospital made on its account to Guidant; or (3) using the credit as an offset to cancel out a later invoice for Guidant products in an equal amount. Guidant states that, as a supplement to the credit memo data it has already produced, it has agreed to collect and produce to Relator additional data available to it regarding the manner in which its customer hospitals used the credit memos Guidant issued (Docket Entry No. 420, p. 2).

The parties also raise an issue of authentication of the records and business data already produced by defendant Guidant. Defendant Guidant, in its response, states that it has offered to stipulate to the authenticity and admissibility of the credit and invoice data it has produced (Docket Entry No. 420, p. 3).

In view of defendant Guidant's stated willingness to supplement its previous productions with the requested information, and the passage of time since this motion was filed, the undersigned Magistrate Judge suspects that subsequent events have in large part rendered this motion moot. Nevertheless, after due consideration, the undersigned Magistrate Judge finds that Relator's third motion to compel should be **GRANTED** as follows.

4

Within twenty days from the date of this order, to the extent it has not already done so, defendant Guidant shall produce documents or electronically stored information within its custody or control regarding the following:

The amount of any credit for warranty, upgrade, competitive replacement, Cardiassure, or recall programs during the Relevant Period, the reason for the issuance of each such credit, the recipient of the credit, the date the credit was issued, the device for which the credit was issued, and any information suggesting that the recipient of the credit received monetary benefit by refund check, account balance reduction, offset against other invoices, or otherwise. Defendant Guidant shall produce this information in the form or forms in which it is ordinarily maintained by the company or in a reasonably usable form or forms. Defendant Guidant shall be prepared to represent that such information constitutes records of regularly conducted activity, as defined by Federal Rule of Evidence 803(6).

Defendant guidant shall produce information required by this order on or before **Monday, August 9, 2010**.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

5