UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA,            )
*ex rel*. ROBERT A. FRY, et al.,     )
                                     )
        Plaintiffs,                  )
                                     )
     v.                              )   NO. 3:03-0842
                                     )   Judge Trauger/Bryant
GUIDANT CORPORATION, et al.,         )
                                     )
        Defendants.                  )

## MEMORANDUM AND ORDER

Relator has filed his motion to clarify and/or to reconsider one aspect of the Magistrate Judge's September 29, 2009, memorandum and order (Docket Entry No. 421). No party has responded to this motion.

Relator in this motion seeks a clarification from the undersigned Magistrate Judge regarding one issue that Relator states was raised by his prior motion to compel discovery (Docket Entry No. 364) but not addressed expressly by the undersigned Magistrate Judge in the Court's memorandum and order ruling on Relator's motion to compel (Docket Entry No. 419). Specifically, this issue has been identified as Issue No. 18 in the parties' joint written statement of discovery issues (Docket Entry No. 364-1, p. 19). This issue reads as follows:

> Whether Guidant should explain the determination it and its counsel made relating to Guidant's document production of written and electronic files for certain Guidant employees, and/or, produce all such files.

According to Relator's motion papers, defendant Guidant,

in response to certain of Relator's interrogatories and requests for production of documents, has produced the business files of certain Guidant employees. By his motion, Relator seeks an order compelling Guidant to explain to Relator why Guidant chose the files of certain employees, and not the files of other employees, to produce in response to Relator's discovery requests. According to Relator's memorandum in support of his motion to clarify or reconsider (Docket Entry No. 422, p.2), Relator states:

> To the extent such production of business records was utilized by Guidant, Relator additionally asked the Court to make Guidant explain, as it has refused to do to date, how and why it chose certain employees' files to produce, to the exclusion of the hundreds (or thousands) of other employees, including such apparently relevant persons as district managers, area directors, the head of U.S. sales, and certain members of the warranty department.

Rule 33(d) of the Federal Rules of Civil Procedure grants to a party responding to written interrogatories the option to produce business records as an alternative to providing a narrative response to the interrogatory. If a party chooses to employ the option of producing business records in response to an interrogatory, the responding party must answer by:

> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Rule 34 of the Federal Rules of Civil Procedure governs

2

responses to requests for production of documents. Rule 34(b)(2)(E) provides that a party producing documents in response to a request for production must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request. With respect to production of electronically stored information, this rule states that a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

While these rules and the case law interpreting them require a party responding to discovery to respond in good faith and after a reasonably diligent inquiry, the Court is unaware of any authority that would require a party or its attorneys, without being asked, to explain to an adversary why it produced the business files of certain employees in response to written discovery and not files of other employees. Indeed, Relator has cited no authority for such a proposition.

In summary, and by way of clarification, the undersigned Magistrate Judge did not order Guidant to explain why it produced the documents it produced in response to discovery, and not other documents, for two reasons. First, no interrogatory or request for production at issue in Relator's motion to compel sought this information directly. Second, the Court is unaware of any authority in the Federal Rules or elsewhere that requires a party or its attorneys to explain to an adversary their mental impressions or thought processes in choosing the documents to be

3

produced in response to written discovery requests. If Relator has evidence suggesting that Guidant or any other party has engaged in bad faith discovery or has knowingly and wrongfully withheld documents that rightfully should have been produced, Relator may file a motion raising such issues. However, such a claim is not presently before the Court.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge