UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
UNITED STATES OF AMERICA,        )
ex rel. ROBERT A. FRY, et al.,   )
                                 )
        Plaintiffs,               )
                                 )
    v.                           )    NO. 3:03-0842
                                 )    Judge Trauger/Bryant
GUIDANT CORPORATION, et al.,     )
                                 )
        Defendants.              )
```

## MEMORANDUM AND ORDER

Intervenor Plaintiff United States has filed its motion to strike Guidant's requests for admission numbered 218 through and for a protective order (Docket Entry No. 429). As grounds for its motion, the United States asserts that these requests for admissions are untimely inasmuch as they were served on September 18, 2009, over seven months after February 2, 2009, the date as of which the Court ordered: "No additional written discovery requests to be served."

Defendant Guidant has filed a response in opposition (Docket Entry No. 435), and the United States has filed a reply (Docket Entry No. 439).

This motion has been referred to the undersigned Magistrate Judge for disposition (Docket Entry No. 449).

## Analysis

The issue raised by the Government's motion is whether requests for admission served pursuant to Rule 36 of the Federal

Rules of Civil Procedure are subject to case management deadlines for serving "written discovery requests."

On January 29, 2009, the district judge entered an order (Docket Entry No. 363) providing in part that, as of February 2, 2009, "[n]o additional written discovery requests to be served."

Over seven months later, on September 18, 2009, defendant Guidant served on the Government 85 additional requests for admission, numbered 218 through 302. (Guidant had previously served 217 requests for admission; those requests were admittedly served timely and are not at issue here.)

The Government has moved to strike these 85 requests for admission as untimely and barred by the case management order. Defendant Guidant, in response, argues that requests for admission served pursuant to Rule 36 of the Federal Rules of Civil Procedure are not "written discovery requests," and therefore are not subject to the case management order deadline.

As support for its position, defendant Guidant relies upon what it describes as "clear" Sixth Circuit case law. In the 1986 decision of Misco, Inc. v. U.S. Steel Corp., 784 F.2d 198, 205 (6th Cir. 1986) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2253, at 706 & n. 23 (1970)), the Sixth Circuit, without further analysis, stated as follows: "Requests for admissions are not a general discovery device." The Wright and Miller treatise cited by the court provides in pertinent part as follows:

2

> Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness.
>
> \* \* \*
>
> A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.

Id.

Although the Sixth Circuit in the <u>Misco</u> decision did not address squarely the issue presented here – whether requests for admission are subject to court-ordered deadlines for serving "written discovery requests" – the district court for the Western District of Tennessee cited <u>Misco</u> in holding that "the Rule 36 request for admissions is not included within the parameters of a general cutoff for discovery in a scheduling order." <u>Hurt v. Coyne Cylinder Co.</u>, 124 F.R.D. 614 (W.D. Tenn. 1989). The district court in <u>Hurt</u> stated as follows:

> The purpose of a request for admissions generally is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof. Requests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to issues that are not truly in contention and can be fully developed by admissions of the parties. When the intended functional purpose of Rule 36 is considered, the fact that the rule on requests for admissions is included in the discovery section of the Federal Rules of Civil Procedure seems little reason to cut off the reasonable utilization of requests for

3

>     admissions before trial as is usually done with
>     discovery.

124 F.R.D. at 614.

In a more recent 2001 decision, however, the Western District of Tennessee declined to apply Misco to hold that requests for admissions are not subject to discovery deadlines in scheduling orders, stating that "this area of the law is not quite as settled as the EEOC would have this court believe." EEOC v. Rent-A-Center, Inc., 2001 WL 1906273 (W.D. Tenn. Nov. 30, 2001).

In support of its argument that Guidant's requests for admission are barred as untimely, the Government cites multiple cases from circuit and district courts holding that Rule 36 requests for admission are subject to discovery deadlines in scheduling orders. See, e.g., Laborers' Pension Fund v. Blackmore Sewer Const., 298 F.3d 600, 605-06 (7th Cir. 2002) (holding that "whether Rule 36 requests for admission are discovery or not," requests served five days before discovery deadline were untimely and the court was free to disregard them); Gluck v. Ansett Australia Ltd., 204 F.R.D. 217, 219 (D.D.C. 2001). Other cases have stated that the "majority view" holds that requests for admission are discovery tools governed by court-ordered discovery deadlines. See, e.g.,3M Innovative Properties Co. v. DuPont Dow Elastomers, LLC, 2005 WL 6007042, at *2 (D. Minn. Aug. 29, 2005); Brodeur v. McNamee, 2005 WL 1774033, at *2 (N.D. N.Y. July 27,

4

2005); <u>Shroyer v. Vaughn</u>, 2002 WL 32144316, at *2 n.2 (N.D. Ind. July 10, 2002).

Although there appears to be a split of authority on whether requests for admission are subject to court-ordered discovery deadlines, the undersigned Magistrate Judge finds the majority of these cases, and the better reasoned cases, conclude that requests for admission are subject to court-ordered discovery deadlines. Moreover, from the practical, utilitarian standpoint, to exempt requests for admission from the court's deadline here would permit the parties to serve requests on their adversaries without limitation – and potentially generate discovery disputes – right up to the trial date.

For the above reasons, the undersigned Magistrate Judge finds that Guidant's requests for admission numbered 218 through 302 were not timely served, and that the Government's motion to strike these requests and for a protective order ruling that it not be required to serve responses should be **GRANTED**.

It is so **ORDERED**.

s/ John S. Bryant<br>
JOHN S. BRYANT<br>
United States Magistrate Judge