UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA,           )
*ex rel*. ROBERT A. FRY, et al.,    )
                                     )
        Plaintiffs,                  )
                                     )
     v.                              )   NO. 3:03-0842
                                     )   Judge Trauger/Bryant
GUIDANT CORPORATION, et al.,         )
                                     )
        Defendants.                  )

## MEMORANDUM AND ORDER

Guidant filed its request for relief based upon the Government's October 16, 2009 status report (Docket Entry No. 433), which the undersigned Magistrate Judge construes as a motion seeking an order of the Court setting a deadline by which the Government must produce hospital cost reports. The Government filed its response (Docket Entry No. 437).

This motion was referred to the undersigned Magistrate Judge for disposition (Docket Entry No. 449).

Guidant's request was prompted by an order of the Court entered September 24, 2009, which ordered the Government to produce immediately any hospital cost reports within the Government's custody or control and which allegedly include false claims for which the Government seeks to recover in this action. In addition, with respect to any additional hospital cost reports believed by the Government to contain false claims that are not yet within the Government's custody or control, the Court ordered the Government to file on or before October 16, 2009, a status report regarding

the Government's efforts to secure and produce these additional reports (Docket Entry No. 418, p. 5).

In compliance with the Court's order, the Government on October 16, 2009, filed a status report (Docket Entry No. 432) in which the Government stated that it was "in the process of obtaining approximately 2,100 additional cost reports for production to defendant in this case.

These additional reports, according to the Government, were not in the Government's custody or control, but were in the files of fiscal intermediaries and Medicare administrative contractors, private entities that contract with the Center For Medicare and Medicaid Services to assist in the administration of the Medicare program. According to this status report, the Government estimated that it would begin receiving these additional cost reports within 30 days, and would be in possession of "most of the cost reports" within 60 to 90 days following the date of this status report.

Guidant in the instant motion seeks a court order establishing a final deadline for production of the remaining hospital cost reports allegedly containing false reports for which the plaintiffs seek recovery in this action.

In its response (Docket Entry No. 437), filed on November 3, 2009, the Government in general asserts that it is using all reasonable efforts to secure and produce the remaining hospital

2

cost reports, and argues specifically that a deadline of December 16, 2009, for producing all such reports, as proposed by Guidant, is inappropriate and unwarranted. By way of argument, the Government argues in this response that "given that the documents at issue are crucial to the report of the United States' expert witness, the party most disadvantaged by any delay in producing cost reports is the United States, as it reduces the amount of time available for its expert to analyze the cost reports and formulate an opinion regarding the damages based upon the false claims contained therein." (Docket Entry No. 437, p. 2).

The undersigned Magistrate Judge suspects that events in this case have overtaken the issue raised in Guidant's motion and have rendered this motion moot. Specifically, on May 14, 2010, the District Judge entered an order on the parties' joint motion to revise deadlines in the case management order (Docket Entry No. 453). This order established, among other things, a deadline of July 9, 2010, for service of plaintiffs' expert witness reports and a further deadline of July 30, 2010, for the completion of the depositions of plaintiffs' expert witnesses. Given this revised schedule, proposed by the parties in their joint motion (Docket Entry No. 452), which further recites that the parties have "exchanged a substantial amount of supplemental information and data and will continue to do so in the coming weeks," the undersigned Magistrate Judge directs the Clerk to **TERMINATE** as moot Guidant's request for relief based upon the Government's October

3

16, 2009, status report (Docket Entry No. 433).

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

4